IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COREY L. HARRIS,                )
                                )
            Plaintiff,          )   Civil Action No. 12-01
                                )
        v.                      )
                                )
TOM CORBETT, et al.,            )
                                )
            Defendants.         )

## MEMORANDUM OPINION

**CONTI, Chief District Judge.**[1]

## I. Introduction

Presently pending before the Court is a document styled "Motion in Support to Add and Amend Complaint" filed by the plaintiff Corey L. Harris ("Plaintiff"), *see* (ECF No. 65), which the court has construed as a Motion to Amend the Complaint.

## II. Factual and Procedural Background

Corey L. Harris ("Plaintiff"), proceeding *pro se*, filed his original Complaint on January 5, 2012 against Tom Corbett, Gary D. Alexander, Eric Rollins, Mark Causgrove (misidentified as Mark Causgroce), Barry Grossman, Larie Zack (misidentified as Larry Zack), and Daniel N. Richard. (ECF No. 3). Defendants Corbett, Alexander, Rollins and Richard are or were employees of the Commonwealth of Pennsylvania (the "Commonwealth Defendants"). Defendants Causgrove and Zack are or were employees of the Domestic Relations Section of the Court of Common Pleas of Erie County (the "Court Defendants"), and Defendant Grossman is the Erie County Executive (the "County Defendant").

In his original complaint, Plaintiff alleged that he was subject to a child support order which required him to make payments, that he failed to make payments, and that he was

---

[1] This matter was originally assigned to Chief Judge Sean J. McLaughlin. Following his resignation, this matter was reassigned to the undersigned Judge. *See* (ECF No. 68). The Court has reviewed and considered all the parties' filings and prior orders entered in this action.

subsequently incarcerated in 2004 and 2007 for failing to comply with the court order. (ECF No. 3 at ¶¶ 1-3). Plaintiff contends that the defendants violated his constitutional rights in the assessment and the enforcement of his child support obligations. (ECF No. 3 at ¶¶ 5; 40; 47). Specifically, Plaintiff alleged that the defendants failed to take into consideration that he was indigent and continued to bill him while he was incarcerated. (ECF No. 3 at ¶ 5). He further alleged that in 2004, the Domestic Relations Section falsified or inflated his yearly income and caused him to spend eighteen months in jail. (ECF No. 3 at ¶¶ 40, 47). Plaintiff alleged that defendant Zack violated his constitutional rights by threatening to have him arrested on October 4, 2011. (ECF No. 3 at ¶ 60(B)). In addition to his constitutional claims, Plaintiff alleged that he "did not receive a free public [d]efender as appropriate for contempt[ ] hearings as guaranteed by the Rehabilitation Act and the Americans with Disabilities Act[.]" (ECF No. 3 at ¶ 194).

On March 6, 2012, defendants Causgrove and Zack, in their official capacities, filed a motion to dismiss Plaintiff's complaint. (ECF No. 18). On March 26, 2012, the Commonwealth Defendants filed a motion to dismiss the complaint. (ECF No. 32). On March 27, 2012, Defendants Causgrove and Zack, in their individual capacities, and defendant Grossman, in his official and individual capacity, filed a motion to dismiss. (ECF No. 34). The court held oral argument on February 28, 2013, and dismissed certain defendants and/or claims. (Minute Entry dated February 28, 2013); (ECF No. 66 at 23-25). Specifically, the court entered the following order:

> Presently pending before the court is Document 18, motion to dismiss plaintiff's complaint as to defendants Mark Causgrove and Larie [Z]ack in their official capacities. The court finds that the motion is well-taken to this extent. That any constitutional claims against any of these individuals in their official capacities is barred under the Eleventh Amendment. Any claims against the Probation Department or Domestic Relations would be barred under the Chilcott case, 283 Fed.Appx. 8, 10 (3rd Cir. 2008) [a]nd Haybarger v. Lawrence County Adult Probation and Parole, 551 F.3d 193 (3rd Cir. 2008). I also find, quite independent of official capacity, that this issue applies to these defendants in their individual capacities as well. Any claim here that predates January 2, 2010, is barred by the applicable two-year statute of limitations, both under 1983, the Rehabilitation Act, and the ADA, now that the plaintiff has articulated more clearly the three distinct time periods he's complaining about.

2

> With respect to the motion to dismiss filed by Causgrove and Zack in their individual capacity, and Grossman in his individual and official capacity. As I said before, any claim that arose, based on conduct prior to January 2, 2010, is time-barred based upon the applicable two-year statute of limitations. Secondly, it does appear to me – actually let me clarify it this way. With respect to the earlier incarceration in '04 or '07, it does appear to me that that claim arguably, quite independent of the statute of limitations, may be independently dismissible on the basis of either collateral estoppel and/or the Rooker-Feldman doctrine.
>
> Then with respect to the motion to dismiss, Docket No. 32, filed on behalf of Corbett, Alexander, Richard and Rollins. Not only would the limitations issue and the official capacity issue apply there, but with respect to their individual capacity, I simply see, based upon the articulation by plaintiff, including a review of his pleading, I see no personal involvement here sufficient to impose liability under any theory.
>
> Now, let me backtrack, and this is for your benefit, Mr. Harris. With respect to the motion filed by the state defendants, Corbett, Alexander, Richard and Rollins, I am granting that motion to dismiss with prejudice. Those defendants are dismissed from the case with prejudice. I see absolutely no possibility that any amendment would cure the deficiencies.

(ECF No. 66 at 23-25). The court granted (ECF. No. 18) and (ECF. No. 34) without prejudice, and ordered the Plaintiff to file an amended complaint within twenty days. *Id*. at 25.[2]

With respect to the amended complaint, Plaintiff was instructed as follows:

> THE COURT: . . .[I]n that amended complaint, number one, you can only tell me about events that you're complaining about that occurred after January 2nd

---

[2] In addition to the pending motions to dismiss filed by the defendants, the court also ruled on the Plaintiff's pending motions. The court granted the Plaintiff's motion to correct spelling, *see* (ECF No. 59), and denied the following motions: Motion to Cease and Desist (ECF No. 10); Motion for Preliminary Injunction and Relief (ECF No. 12); Motion for Emergency Evidentiary Hearing (ECF No. 29); Motion in Support of Plaintiff Showing Standing to Sue Under Title II and Title III Under Article III of the Constitution of the United States (ECF No. 48); Motion for Emergency Request for a Palmary Hearing for Review to Remand and to Grant Social Security and Civil Action Relief Based on Ongoing Hardship of this Plaintiff the Victim (ECF No. 50); Motion for Preliminary Injunction (ECF No. 51); Motion for the Arrest and Apprehension of Defendants Larie Zack and Barry Grossman (ECF No. 52); Motion for Default Judgment against Barry Grossman, Larry Zack (ECF No. 53); Motion in Support to Grant Plaintiff Full and Final Relief as a Result of a Form of Theft by Removing this Civil Action Case to Lower Court Without a Judge Order or Consent Case Close (ECF No. 55); and Motion for Federal Information in Support of Eminent Domain and Transfer of Ownership of Properties and Administrative Ownership and Transportation Services GECAC and EMTA, EMTA e, LEFT, LEFT e (ECF No. 56).

of 2010, ok, that's number one. Which I presume is going to involve you telling me about this 2011 matter and whatnot. That's number one.

Then, number two, with respect to Mr. Causgrove, Mr. Zack and Mr. Grossman, and I do not want another 225 paragraph complaint, you ought to be able to give this complaint to me in seven or eight pages. Because if a lawyer filed a complaint like that, I'd throw it right out, that's way too much information, so I'm making it easier for you. With respect to each of those three individuals, I want you to tell me as clearly and succinctly as you can, what it was they did to you, what it is you believe they did to you, and why it is you believe what they did to you violated one or more of your rights; do you got that?

MR. HARRIS: Yes, your Honor.

THE COURT: That's with respect to those three individuals. And, also, when you file your amended complaint, no attachments, I don't want any exhibits, you filed enough exhibits in this case. You don't have to do that to file your amended complaint, it will save you paper, too. Do you understand what I just told you?

MR. HARRIS: Yes, your Honor.

THE COURT: So, basically, some of the claims are gone for good, some of the claims have been dismissed with leave to amend.

(ECF No. 66 at pp. 25-26).

Plaintiff's amended complaint was due on or about March 20, 2013. Plaintiff did not, however, file an amended complaint; rather, on May 8, 2013, Plaintiff filed the instant pleading styled "Motion in Support to Add and Amend Complaint" *see* (ECF No. 65), which the court construed as a motion to amend the complaint.[3]

### III. Standard of Review

The court may grant a plaintiff leave to amend a complaint under Federal Rule of Civil Procedure 15(a)(2), which provides: "The court should freely give leave when justice so requires." A court, however, may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility. *In re Burlington Coat Factory Sec.*

---

[3] Plaintiff also filed a document styled "Motion in Pursuant of Plaintiff Adopting the Rooker-Feldman doctrine" *see* (ECF No. 64), which was denied by the court on April 19, 2013. (Text Order dated April 19, 2013).

*Litig.*, 114 F.3d 1410, 1434 (3rd Cir. 1997). The standard of legal sufficiency set forth in Federal Rule of Civil Procedure 12(b)(6) determines whether a proposed amendment would be futile. *Id*. Amendment is futile where the complaint, as amended, would fail to state a claim upon which relief could be granted. *Id*; *see Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001) (noting that failure to overcome the time bar of a statute of limitations renders a proposed amendment futile). Therefore, a motion for leave to amend a complaint is held to the same standard as a Rule 12(b)(6) motion to dismiss. Thus, the court takes the factual allegations of the proposed amended complaint as true, draws all reasonable inferences in favor of the plaintiff, and denies the motion to amend if the factual allegations in the complaint do not raise plausible claims and are not sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

In addition, because Plaintiff is proceeding pro se, his complaint must be "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Brown v. City of Long Branch*, 380 F. App'x 235, 238 (3d Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nevertheless, a litigant, even one that is *pro se*, "is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

**IV. Discussion**

In the proposed amended complaint, Plaintiff failed to follow the court's directive as set forth at the hearing on February 28, 2013. First, the proposed amended complaint is devoid of any allegations lodged against Causegrove, Zack and Grossman, the only remaining defendants in this case. Second, Plaintiff attached exhibits that relate to the years 2006 and 2007, *see* (ECF No. 65 at 18-22), a period of time which the court held is barred by the applicable statute of limitations, and therefore any amendment in this regard would be futile. Finally, the Plaintiff's proposed amended complaint exceeded the scope of the court's instructions, in that it appears

that the Plaintiff is attempting to add new claims against individuals and/or entities that are not parties to this lawsuit. Although disjointed and rambling, it appears that Plaintiff is attempting to base his claims on a 2013 child support modification action filed by Dianese J. Conner, in the Court of Common Pleas of Erie County, and names the following as defendants: (1) the Erie County Domestic Relations Section; (2) Dianese J. Conner; and (3) Timothy J. Torrey. (ECF No. 65 at 2, 11). Plaintiff may not, however, transform his existing lawsuit into a new lawsuit.

Notwithstanding the above deficiencies, and in light of the fact that the Plaintiff is proceeding *pro se*, the court is of the view that Plaintiff should be given one final opportunity to amend his Complaint in order to attempt to adequately plead his case. Therefore, Plaintiff shall, on or before December 9, 2013, file an amended complaint in this matter. In this regard, Plaintiff is instructed that the amended complaint must conform to the following:

> 1. The amended complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), set forth in averments that are "consise, and direct," FED. R. CIV. P. 8(e)(1), and stated in separately numbered paragraphs, the offending actions taken by defendants Causgrove, Zack and Grossman. It shall identify the date and time of the events alleged, identifying whenever possible the participants in the acts about which Plaintiff complains. Further, the claims set forth in the Amended Complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.
>
> 2. The amended complaint shall not include parties and/or claims that were dismissed by the Court on February 28, 2013;
>
> 3. The amended complaint shall be signed, and indicate the nature of the relief sought; and
>
> 4. The amended complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed.

Finally, Plaintiff's failure to comply with the above directives may result in the dismissal with prejudice of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

## V. CONCLUSION

Based on the foregoing, Plaintiff's "Motion in Support to Add and Amend Complaint" (ECF No. 65) will be granted. An appropriate order follows.

    Dated: October 24, 2013                  <u>s/ Joy Flowers Conti</u>
                                                          Joy Flowers Conti
                                                          Chief United States District Judge

cc:    All parties of record

        Corey L. Harris
        129 Chestnut Street
        Apartment 8
        Edinboro, PA 16412