IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COREY L. HARRIS,                )
                                )
        Plaintiff,               )   Civil Action No. 12-01
                                )
    v.                          )
                                )
TOM CORBETT, et al.,            )
                                )
        Defendants.              )

# MEMORANDUM OPINION

**CONTI, Chief District Judge.**

## I. Introduction

Presently pending before the Court is a Motion to Dismiss the Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Barry Grossman, Mark Causgrove and Larie Zack ("Defendants"). (ECF No. 76).[1] Plaintiff Corey L. Harris ("Plaintiff") filed a Response and Brief in Opposition (ECF Nos. 80, 81), and the matter is now ripe for disposition.

## II. Factual and Procedural Background

Plaintiff, proceeding *pro se*, filed his original complaint on January 5, 2012 against Tom Corbett, Gary D. Alexander, Eric Rollins, Mark Causgrove (misidentified as Mark Causgroce), Barry Grossman, Larie Zack (misidentified as Larry Zack), and Daniel N. Richard. (ECF No. 3).

---

[1] Also pending is a document filed by the Plaintiff styled "Motion for waiver of Process and Return Fee's: Order of Summons Request on all defendants "B" below" (*sic*). (ECF No. 82). To the extent this motion can be construed as one requesting service of the amended complaint upon individuals that are already parties to the instant lawsuit, namely, "Erie County Executive" (Grossman); "Child Support Director" (Causgrove); and "Collections Bureau Officer" (Zack), the motion is denied. To the extent this Motion can be construed as one requesting service of the amended complaint upon parties that have been dismissed, i.e., the Domestic Relations Section, the motion is denied. Finally, to the extent Plaintiff is seeking to join individuals not a party to the instant lawsuit (James Walczak, Arthur McNulty, Thomas Kubinski, Dianses Conner, Timothy Torrey), the motion is denied, as this court previously held in a Memorandum Opinion dated October 25, 2013, that Plaintiff is precluded from transforming his existing lawsuit into a new lawsuit. (ECF No. 70 at 6).

1

Defendants Corbett, Alexander, Rollins and Richard are or were employees of the Commonwealth of Pennsylvania. Defendants Causgrove and Zack are or were employees of the Domestic Relations Section of the Court of Common Pleas of Erie County, and Defendant Grossman was the Erie County Executive.

In his original complaint, Plaintiff alleged that he was subject to a child support order which required him to make payments, that he failed to make payments, and that he was subsequently incarcerated in 2004 and 2007 for failing to comply with the court order. (ECF No. 3 ¶¶ 1-3). Plaintiff contends that the defendants violated his constitutional rights in the assessment and the enforcement of his child support obligations. (ECF No. 3 ¶¶ 5; 40; 47). Specifically, Plaintiff alleged that the defendants failed to take into consideration that he was indigent and continued to bill him while he was incarcerated. (ECF No. 3 ¶ 5). He alleged that in 2004, the Domestic Relations Section falsified or inflated his yearly income and caused him to spend eighteen months in jail. (ECF No. 3 ¶¶ 40, 47). Plaintiff alleged that Defendant Zack violated his constitutional rights by threatening to have him arrested on October 4, 2011. (ECF No. 3 ¶ 60(B)). In addition to his constitutional claims, Plaintiff alleged that he "did not receive a free public [d]efender as appropriate for contempt[ ] hearings as guaranteed by the Rehabilitation Act and the Americans with Disabilities Act[.]" (ECF No. 3 ¶ 194).

The defendants filed motions to dismiss (ECF Nos. 18, 32, 34), and following oral argument held on February 28, 2013, the court entered the following order dismissing certain defendants and claims:

> Presently pending before the court is Document 18, motion to dismiss plaintiff's complaint as to defendants Mark Causgrove and Larie [Z]ack in their official capacities. The court finds that the motion is well-taken to this extent. That any constitutional claims against any of these individuals in their official capacities is barred under the Eleventh Amendment. Any claims against the Probation Department or Domestic Relations would be barred under the Chilcott case, 283 F. App'x 8, 10 (3rd Cir. 2008) [a]nd Haybarger v. Lawrence County Adult Probation and Parole, 551 F.3d 193 (3rd Cir. 2008). I also find, quite independent of official capacity, that this issue applies to these defendants in their individual capacities as well. Any claim here that predates January 2, 2010, is barred by the applicable two-year statute of limitations, both under 1983, the

2

> Rehabilitation Act, and the ADA, now that the plaintiff has articulated more clearly the three distinct time periods he's complaining about.
>
> With respect to the motion to dismiss filed by Causgrove and Zack in their individual capacity, and Grossman in his individual and official capacity. As I said before, any claim that arose, based on conduct prior to January 2, 2010, is time-barred based upon the applicable two-year statute of limitations. Secondly, it does appear to me – actually let me clarify it this way. With respect to the earlier incarceration in '04 or '07, it does appear to me that that claim arguably, quite independent of the statute of limitations, may be independently dismissible on the basis of either collateral estoppel and/or the Rooker-Feldman doctrine.
>
> Then with respect to the motion to dismiss, Docket No. 32, filed on behalf of Corbett, Alexander, Richard and Rollins. Not only would the limitations issue and the official capacity issue apply there, but with respect to their individual capacity, I simply see, based upon the articulation by plaintiff, including a review of his pleading, I see no personal involvement here sufficient to impose liability under any theory.
>
> Now, let me backtrack, and this is for your benefit, Mr. Harris. With respect to the motion filed by the state defendants, Corbett, Alexander, Richard and Rollins, I am granting that motion to dismiss with prejudice. Those defendants are dismissed from the case with prejudice. I see absolutely no possibility that any amendment would cure the deficiencies.

(ECF No. 66 at 23-25). The court granted the motions (ECF Nos. 18, 34) without prejudice, and ordered Plaintiff to file an amended complaint by March 20, 2013. *Id*. at 25.

With regard to the amended complaint, Plaintiff was instructed as follows:

> THE COURT: [I]n that amended complaint, number one, you can only tell me about events that you're complaining about that occurred after January 2nd of 2010, ok, that's number one. Which I presume is going to involve you telling me about this 2011 matter and whatnot. That's number one.
> Then, number two, with respect to Mr. Causgrove, Mr. Zack and Mr. Grossman, and I do not want another 225 paragraph complaint, you ought to be able to give this complaint to me in seven or eight pages. Because if a lawyer filed a complaint like that, I'd throw it right out, that's way too much information, so I'm making it easier for you. With respect to each of those three individuals, I want you to tell me as clearly and succinctly as you can, what it was they did to you, what it is you believe they did to you, and why it is you believe what they did to you violated one or more of your rights; do you got that?

3

>    MR. HARRIS: Yes, your Honor.
>
>    THE COURT: That's with respect to those three individuals. And, also, when you file your amended complaint, no attachments, I don't want any exhibits, you filed enough exhibits in this case. You don't have to do that to file your amended complaint, it will save you paper, too. Do you understand what I just told you?
>
>    MR. HARRIS: Yes, your Honor.
>
>    THE COURT: So, basically, some of the claims are gone for good, some of the claims have been dismissed with leave to amend.

(ECF No. 66 at 25-26).

Plaintiff did not file an amended complaint; rather, on May 8, 2013, Plaintiff filed a pleading styled "Motion in Support to Add and Amend Complaint" *see* (ECF No. 65), which the court construed as a Motion to Amend the Complaint. In the court's Memorandum Opinion dated October 25, 2013, the court found that Plaintiff's proposed amended complaint was deficient in a number of particulars:

> First, the proposed Amended Complaint is devoid of any allegations lodged against Causgrove, Zack and Grossman, the only remaining Defendants in this case. Second, Plaintiff has attached exhibits that relate to the years 2006 and 2007, *see* (ECF No. 65 at 18-22), a period of time for which the Court held is barred by the applicable statute of limitations, and therefore any amendment in this regard would be futile. Finally, the Plaintiff's proposed Amended Complaint has exceeded the scope of the Court's instructions, in that it appears that the Plaintiff is attempting to add new claims against individuals and/or entities that are not parties to this lawsuit. Although disjointed and rambling, it appears that Plaintiff is attempting to base his claims on a 2013 child support modification action filed by Dianese J. Conner, in the Court of Common Pleas of Erie County, and names the following as Defendants: (1) the Erie County Domestic Relations Section; (2) Dianese J. Conner; and (3) Timothy J. Torrey. (ECF No. 65 at 2, 11). Plaintiff may not, however, transform his existing lawsuit into a new lawsuit.

(ECF No. 70 at 5-6). In light of Plaintiff's pro se status, however, the court granted Plaintiff one final opportunity to amend his complaint, instructing him as follows:

4

> 1. The Amended Complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), set forth in averments that are "concise, and direct," FED. R. CIV. P. 8(e)(1), and stated in separately numbered paragraphs, the offending actions taken by Defendants Causgrove, Zack and Grossman. It shall identify the date and time of the events alleged, identifying whenever possible the participants in the acts about which the Plaintiff complains. Further, the claims set forth in the Amended Complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all Defendants.
>
> 2. The Amended Complaint shall not include parties and/or claims that were dismissed by the Court on February 28, 2013;
>
> 3. The Amended Complaint shall be signed, and indicate the nature of the relief sought; and
>
> 4. The Amended Complaint must be a new pleading which stands by itself as an adequate Complaint without reference to any other pleading already filed.

(ECF No. 70 at 6-7).

Plaintiff filed a twenty-two page amended complaint on November 6, 2013 (ECF No. 73) naming as defendants:

> John Doe, Erie County Executive, DRS tax offset Division, John Doe in his official Capacity as Child Support Director office a Federal Tax Offsets Domestic Relation Section Enforcement For Erie County Pennsylvania (sic)
>
> John Doe, Erie County Executive, in his official capacity as County, State PA (DPW) (DRS) (DRS tax federal tax offset Division), Erie County Council Appointee's, WIB, RCWE, Erie Regional Chamber Growth Partnership property, holdings "**bulk stock targets**" in there Capacity as Erie County Executive office a Government Agency of Erie County Pennsylvania (sic)
>
> John Doe, Erie County Executive, in his official capacity as Erie County Executive Branch oversight in Erie County Court of Common Pleas of the State of Pa, Erie County Civil Debt Collections Bureau Officer A Division of Adult Probation/Parole of Erie County Pennsylvania

(ECF No. 73). Although Plaintiff's amended complaint is again disjointed and at times unintelligible, it appears he is raising the following claims: (1) he was denied payment for

5

creating the concept behind the EMTA LIFT program and/or other government transportation programs in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, (ECF No. 73 at 2-5); (2) his court-ordered child support obligations for the years 2009, 2010, and 2011 were inflated, wrongly calculated, and/or excessive, in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, (ECF No. 73 at 5-8, 11-14); (3) he was illegally incarcerated on October 4, 2011 for civil contempt for failing to pay his court-ordered child support obligations in violation of the Fifth, Sixth, Seventh and Fourteenth Amendments to the United States Constitution, (ECF No. 73 at 5-8); and (4) he was wrongfully denied the assistance of court appointed counsel at his contempt proceeding in violation of the Rehabilitation Act and Americans with Disabilities Act, (ECF No. 73 at 6-8, 15). Plaintiff also appears to claim that the "Defendants" conspired to violate his civil rights, his rights under 42 U.S.C. §§ 241 and 242, and his rights under the Pennsylvania Constitution. (ECF No. 73 at 3, 9-11, 15).

### III. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. V. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U. S. at 556-57). As explained by the Supreme Court:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. (quoting *Twombly*, 550 U.S. at 556-57) (internal citation omitted).

Two working principles underlie *Twombly*. *Iqbal*, 556 U.S. at 678. First, with respect to mere conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—that the pleader is entitled to relief.'" *Id*. (quoting FED. R. CIV. P. 8(a)(2)). A court considering a motion to dismiss may begin by identifying pleadings that are not entitled to the assumption of truth because they are mere conclusions. "While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

*Pro se* plaintiffs are held to a less stringent standard that individuals represented by counsel. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). ("Pro se litigants are held to a lesser pleading standard than other parties."). A *pro se* plaintiff, however, is still required to adhere to standard rules of civil procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While the court must accept as true all factual allegations in a complaint, it "need not credit a complaint's … legal conclusions when

7

deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Even though plaintiff is *pro se*, he or she must "set forth sufficient information to outline the elements of [his or her] claim." *Kost*, 1 F.3d at 183 (citing 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990)). Thus, plaintiff is required to present enough factual allegations for the court, accepting those allegations as true, to determine whether there are plausible claims that defendants violated plaintiff's federal rights. *Id.*; *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (a litigant, even one that is *pro se*, "is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se.").

**IV. Discussion**

The majority of Plaintiff's federal claims are premised on 42 U.S.C. § 1983, which provides a private right of action to:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. …

42 U.S.C. § 1983. In order to state a viable claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action, *see Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003), and the complaint must show that each named defendant was personally involved in the events or occurrences upon which a plaintiff's claims are based. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). "[A] civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." *Evancho*, 423 F.3d at 353.

Defendants argue that Plaintiff's amended complaint fails to allege any facts from which it could be inferred that they had personal involvement in any of the alleged constitutional deprivations. This court agrees. "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement; allegations "must be made with appropriate particularity." *Id*. A review of the amended complaint reveals that defendants Causgrove and Zack are not mentioned (either by name and/or position) with respect to any of Plaintiff's allegations relating to the alleged denial of payment for creating the concept behind the EMTA LIFT program, and defendant Grossman is referred to only generically as the "Erie County Executive." (ECF No. 73 at 2-5).[2]

With respect to Plaintiff's allegations that his constitutional rights were violated in the assessment and enforcement of his court-ordered child support obligations after January 2, 2010,[3] Plaintiff's amended complaint contains no allegations at all against defendant Grossman, and defendants Causgrove and Zack are mentioned in only the most vague and conclusory manner. (ECF No. 73 at 5-8, 11-14). Plaintiff offered no factual allegations to show that either Causgrove or Zack had personal knowledge of the events, much less had any personal

---

[2] Parenthetically, Plaintiff's denial of payment claim is clearly time barred. It is well settled that claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Elliott Reihner Siedzikowski & Egan, P.C. v. Pa. Employees Benefit Trust Fund*, 161 F. Supp. 2d 413, 420 (E.D.Pa. 2001), *aff'd* 29 F. App'x 838 (3d Cir. 2002). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 PA. CONS. STAT. § 5524; *Elliot*, 161 F. Supp. 2d at 421. Although the statute of limitations for a § 1983 claim is borrowed from state law, when a § 1983 claim accrues is governed by federal law. The statute of limitations for a § 1983 action begins to run from the time a plaintiff knows, or has reason to know, of any injury which is the basis of the action. *Sameric Corp. of Delaware, Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1988); *Elliot*, 161 F. Supp. 2d at 420-21. A claim accrues upon awareness of an actual injury, not upon awareness that the injury constitutes a legal wrong. *Elliott*, 161 F. Supp. 2d at 421. The United States Court of Appeals for the Third Circuit has recognized that a district court may consider whether a claim is barred by the statute of limitations in the context of a motion to dismiss where the viability of that defense may be discerned from the complaint itself, i.e., where the facts as pled demonstrate that the claim was not timely filed. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). Here, the allegations of Plaintiff's amended complaint demonstrate that his claim regarding the alleged non-payment has been in existence for at least twelve years. (ECF No. 73 at 3).

[3] With respect to Plaintiff's allegations relating to the miscalculation of his court-ordered child support obligations for the year 2009, the court previously dismissed any claims that predated January 2, 2010. (ECF No. 66 at 23-25).

involvement. Because the amended complaint is devoid of specific factual allegations of personal involvement on the part of any of the remaining Defendants, it fails to comply with the requirement of *Twombly* and will be dismissed.

Plaintiff's amended complaint suffers from further deficiencies. Plaintiff alleges that his due process rights were violated when he was not appointed counsel to represent him at his contempt proceeding on October 4, 2011. (ECF No. 73 at 5-7). "[T]he Due Process Clause does not *automatically* require the provision of counsel at civil contempt proceedings to an indigent individual who is subject to a child support order, even if that individual faces incarceration (for up to a year)." *Turner v. Rogers*, __ U.S. __, 131 S.Ct. 2507, 2520 (2011) (emphasis in original); *see Norman v. Greenwood Cnty. Sheriff Office*, Civil Action No. 8:13-1245, 2013 WL 5439175, at *1 (D.S.C. Sept. 27, 2013) (relying on *Turner* and dismissing a plaintiff's § 1983 claim based upon the failure to appoint counsel at a civil contempt proceeding); *Castanias v. Lipton*, Civil Action No. 11-296, 2012 WL 1391921, at *5-6 (S.D.Ohio Apr. 20, 2012) (same, and further observing that *Turner* was distinguishable since it was an appeal from a finding of contempt and not a separate § 1983 action, and questioning whether *Turner* may "properly provide the foundation to a § 1983 claim"). In addition, Plaintiff's allegations in this respect are not directed at any of the remaining Defendants; rather, his complaints are directed at the Domestic Relations Section, which is no longer a party to this lawsuit. Accordingly, this claim is dismissed.

To the extent that Plaintiff is claiming that his rights under the American with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794, were violated by the "Defendants," these provisions are facially inapplicable to the discernable factual allegations in the amended complaint. More fundamentally, these statutes do not provide a cause of action against government employees in their individual capacities. *See Emerson v. Thiel College*, 296 F.3d 184, 189-90 (3d Cir. 2002) (holding that "[b]ecause the individual defendants [did] not receive federal aid, [plaintiff did] not state a claim against them under the Rehabilitation Act[,]" and suggesting in dicta that "individuals are not liable under Titles I and II of the ADA") (citing *Garcia v. S.U.N.Y. Health Sciences Ctr.*, 280 F.3d 98, 107 (2d Cir. 2001) (holding that Title II

does not allow suits against individuals)); *Williams v. Hayman*, 657 F. Supp. 2d 488, 501-02 (D.N.J. 2008) (collecting decisions).

Plaintiff's amended complaint includes citations to several provisions of the criminal code, including 18 U.S.C. §§ 241 and 242. (ECF No. 73 at 8-9). To the extent Plaintiff seeks to assert claims under these statutes, those claims are futile and must be dismissed as a matter of law since there is no private right of action under the federal criminal statutes. *See Stern v. Halligan,* 158 F.3d 729, 731 n.1 (3d Cir. 1998) (there is no private cause of action under § 241) (citing *Newcomb v. Ingle*, 827 F.2d 675, 677 n.1 (10th Cir. 1987)); *Mikhail v. Kahn,* __ F. Supp. 2d __, Civil Action No. 13-5130, 2014 WL 114340, at *22 (E.D.Pa. Jan. 13, 2014) (dismissing plaintiff's claims based on alleged violations of 18 U.S.C. § 242 with prejudice since a private individual cannot prosecute a criminal action); *Walthour v. Herron*, Civil Action No. 10-1495, 2010 WL 1877704, at *3 (E.D.Pa. May 6, 2010) (no private right of action exists under 18 U.S.C. §§ 241, 242); *Jones v. Lockett*, Civil Action No. 08-16, 2009 WL 2232812, at *8 (W.D.Pa. July 23, 2009) ("It is clear that the criminal statutes invoked by Plaintiff, i.e., 18 U.S.C. § 241 … do not provide for a private cause of action.").

Similarly, Plaintiff's claim seeking damages for alleged violations of the Pennsylvania Constitution will also be dismissed since no private cause of action for damages exists. *Ryan v. General Machine Prods.*, 277 F. Supp. 2d 585, 595 (E.D.Pa. 2003) (citing decisions); *Porter v. Hogue*, Civil Action No. 12-101, 2013 WL 5777298, at *4 (W.D.Pa. Oct. 25, 2013) (holding that "[p]laintiff's claim for damages for violation of the Pennsylvania Constitution fails[]" because no private cause of action exists); *Bodnar v. Wagner*, Civil Action No. 3:07-cv-2038, 2010 WL 56097, at *8 (M.D.Pa. Jan. 5, 2010) ("there is no private cause of action available for violations of the Pennsylvania Constitution").

Finally, the court recognizes that the United States Court of Appeals for the Third Circuit has instructed that "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). An amendment is futile if the amended complaint cannot withstand a renewed motion to dismiss. *Shane v. Fauver*, 213 F.3d 113, 116

(3d Cir. 2000). "[T]hese principles apply equally to pro se plaintiffs and those represented by experienced counsel." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004). Moreover, "if the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied." 6 Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice and Procedure § 1487 (3d ed. 2013).

Here, Plaintiff was afforded several opportunities to cure the deficiencies in his complaint, with the court providing him detailed instructions relative to his obligations in this respect. Despite these opportunities, Plaintiff consistently failed to plead a viable legal claim against any of the remaining Defendants. Moreover, some of Plaintiff's claims are time barred, and he invokes several federal criminal statutes and the Pennsylvania Constitution, for which no private cause of action exists. Accordingly, this case will be dismissed with prejudice and without leave to amend because any such amendment would be futile. *See Bryant v. Cherna*, 520 F. App'x 55, 58 (3d Cir. 2013) (holding that district court did not err in declining to allow further amendment where plaintiff had already been provided with two previous opportunities to amend).

## V. Conclusion

Based on the foregoing, the Motion to Dismiss the Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Barry Grossman, Mark Causgrove and Larie Zack (ECF No. 76) will be granted. An appropriate Order will be entered.

By the court,

s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

Dated: February 12, 2014

12